MAT STOKES v. THE STATE.

No. 13708. Delivered January 14, 1931.
Rehearing Denied February 25, 1931.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; penalty, confinement in the penitentiary for a period of two years.

A peace officer marked a one-dollar bill and gave it to Mart Holman with the instruction that it be used in the purchase of whisky at the appellant's place of business. The officer stood at a distance of about a block while Mart Holman went to the appellant's place of business. Mart Holman testified that she purchased from the appellant a pint of whisky, paying him therefor with the one-dollar bill and a fifty-cent piece which the officer had given her. Upon the trial she identified the appellant as the person who had sold her the whisky and to whom she had delivered the money. She also identified the place of business of the appellant as the place where the transaction took place. She said that

there was a woman present whom she presumed to be the appellant's wife, though she did not know.

Immediately upon learning of the sale, the officer procured a warrant for the arrest of the appellant and arrested him at his place. No search appears to have been made at that time. As soon as the officer had placed the accused in jail, a search warrant was procured and he proceeded to search the business-house of the appellant where the sale was alleged to have taken place. It is the right of an officer making a legal arrest to search the place at which the arrest is made. Upon such search the fruits of the crime and the things used in carrying out the criminal enterprise may be seized. See Marron v. United States, 275 U. S., 192, 48 S. Ct., 74, 72 L. Ed., 231. That the right to seize marked money connected with the criminal act or intent is illustrated by analogy in many cases, and in some by specific identity. See State v. Lyon, 176 Iowa, 171, 157 N. W., 742; Furlong v. United States (C. C. A.), 10 Fed. Rep. (2d) 492, in which the property seized was a marked one-dollar bill received in payment of whisky sold. In the cases mentioned, the seizure of the money was in a search without warrant coincident with or intimately connected with the arrest. The seizure was not under a warrant, but upon the principle that without a warrant the seizure would be made incident to a legal arrest. No precedents have been discovered indicating that the right to search the premises in which the crime was committed would cease with the arrest. There are cases holding that after the arrest of one accused of crime and his incarceration, a search of the premises without warrant would be illegal. Touching the soundness of which holding we express no opinion. The cases mentioned indicate that the contrary would be the rule if the premises were entered subsequent to the arrest under a valid search warrant. The Oklahoma case of Thomas v. State, 226 Pac. Rep., 600, due to the similarity of the facts, has specific bearing upon the announcement last above made, and the existence of the principle, as well as its application, are deemed supported by many authorities, to some of which reference is made in the following digest: Marron v. United States, 275 U. S., 192, 48 S. Ct., 74, 72 L. Ed., 231, with citation in the notes including marked money; Thomas v. State, 27 Okla. Cr., 264, 226 Pac., 600; liquor bottles, etc., United States v. Kirschenblatt, 51 A. L. R., 416 (C. C. A.), 16 F. (2d) 202; copies of letters, Baron v. U. S. (C. C. A.), 286 F., 822, Id., 262 U. S. 749, 43 St. Ct., 524, 67 L. Ed., 1213; telegrams, Donegan v. United States ( C. C. A.), 287 Fed., 641; permits and invoices, United States v. Kraus (D. C.), 270 Fed., 578; tents, harness, etc., Routlinger v. State, 29 Okla. Cr., 290, 234 Pac., 224; implements, Rambo v. State, 38 Okla Cr., 192, 259 Pac., 602; identification cards authorizing the purchase of liquor, Com. v. Keister, 289 Pac., 225, 137 Atl., 223; ledger, etc., Marron v. United States, supra.

In the present instance, the search warrant used was one obtained under an affidavit in which it was alleged that the place to be searched was one in which "intoxicating liquors were sold and manufactured." As grounds of belief, the affidavit contains the following:

"That the particular facts, circumstances and statements as set out in this affidavit are within the knowledge of affiants true and correct; that in addition to affiants' own knowledge concerning the above described place and party, affiants are in possession of other information as follows: That Mart Holman, on March 3, 1930, bought a pt. of whiskey from Mat Stokes and paid for same in part with a $1.00 marked bill marked '30' and numbered D76898157A and this affidavit and search warrant is intended to search for said marked $1.00 bill too. That said deft. has 'rep't' of being a bootlegger; his place has often been reported to us a place where liquor can be bought and is kept for purpose of sale."

The following contains the command embraced in the warrant:

"YOU ARE THEREFORE COMMANDED to forthwith search the above described place and premises and if you find the above described intoxicating liquors, property, containers, utensils, implements and instrumentalities or any portion thereof, you will seize and take the same into your possession and bring the same before me at my office in Abilene, Texas, in said County and State on the 3rd day of March, A. D. 1930, so that then and there the disposition of the same may be made as in such cases provided for by law; and you will also arrest and bring before me at same place and time the above-named or described party, who is alleged to be in charge and control of the above described place, and who is alleged to be violating the liquor laws of the State of Texas."

The warrant makes no reference to the one-dollar bill and cannot, in our opinion, be treated as invalid because of the recitals in the affidavit. Assuming the validity of the search warrant, the officer executing it would seem authorized to seize the one-dollar bill which bore on its face, as viewed by the officer who marked it, its connection with the unlawful possession and sale of intoxicating liquor. Article 692, P. C., directs that intoxicating liquors or any personal property used for the purpose of violating the liquor laws of this State shall be seized by any officer with or without a search warrant. Article 688, P. C., denounces as a common nuisance a house in which intoxicating liquor is sold, and declares that all intoxicating liquors and property kept or used in maintaining such place are a common nuisance, which is denounced as a penal offense in Article 689, P. C. The marked one-dollar bill obtained by the accused in exchange for the intoxicating liquor which he sold and the place kept by him, according to the State's evidence, would apparently come within the purview of the statutes to which referencee has just been made.

In the case of Furlong v. United States, 10 Fed. Rep. (2d) 492, officers gave a marked one-dollar bill to two persons and directed that they enter Furlong's place and purchase intoxicating liquor. As soon as the liquor was purchased and paid for with the one-dollar bill, the two persons making the purchase took the liquor to officers who were nearby. The officers then arrested Furlong (the keeper of the place) and caused to be taken from the cash-register the marked one-dollar bill mentioned. The accused resisted the introduction of the evidence showing the transaction and was overruled by both the trial court and the appellate court. In the opinion, the Circuit Court of Appeals, Eighth Circuit, used the following language:

"The arresting officer ought to consider the nature of the accusation; then if he finds on the prisoner's person, or otherwise in his possession, either goods or money which he reasonably believes to be connected with the supposed crime, as its fruits, or as the instruments with which it was committed, or as supplying prooofs relating to the transaction, he may take and hold them to be disposed of as the court directs. * * *

"It is the duty of the officer making an arrest to take money or other articles connected with the crime, or evidencing its commission, from the person of the defendant, or from his possession or control, and hold the same subject to the order of the court. In this case the officer had the same right to take the marked bill from defendant's cash register as from his pocket. The extent of the search and seizure at the time of arrest must depend to some extent upon the nature of the crime."

Apparently the officer, in the present instance, equipped with a search warrant giving authority to search the premises in which intoxicating liquors were kept and sold and to seize such articlees as well as all contraband property designated in the statutes above mentioned, viz., Articles 688, 690 and 691, P. C., would not be without authority to seize the marked bill which was the fruits of the crime of which appellant was accused and which would likewise be evidence that his place was one in which intoxicating liquors were kept for sale.

Some confusion comes from the vast number of decision of the appellate courts in recent years dealing with the subject of searches and seizures. To the best of our ability the questions raised here have been investigated and we are of the opinion that in receiving evidence showing the seizure of the one-dollar bill, the learned trial judge did not offend against the rules of evidence. It may be added that it is not made perfectly clear that the conclusion just announced is essential to support the judgment of conviction. If the sale of whisky by the appellant on the occasion in question is controverted, it is very meagrely so, and by circumstances alone. The alleged purchaser testified to the purchase from appellant and said there was present a woman whom the witness did not know but who was by the witness assumed to be the wife of the

appellant. The wife of the apellant testified that she saw no sale of whisky and never saw the State's witness except on the trial.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We appreciate the force and earnestness of appellant's motion for rehearing, and the written argument in support thereof, but are of opinion that the case was properly decided originally, and that the case of Gouled v. United States, 255 U. S., 298, has no application. In the instant case the affidavit for search warrant set out specifically that at a place named and described, this appellant sold and made in violation of law, spirituous, vinous and malt liquors capable of producing intoxication; that as justifying the making of said affidavit it was further set out that on a date named Mart Holman bought a pint of whisky from appellant at said place and paid him for same by giving him a marked one-dollar bill, whose mark and number were stated in the affidavit, which further set out that the warrant was desired for the purpose of searching the house for the containers, instrumentalities and property described in the affidavit, including said one-dollar bill. The search warrant issued upon said affidavit directed that search be made for all such liquors, containers, utensils, property and instrumentalities, including said one-dollar bill, the number and description of which was set out in the search warrant. That such search warrant was proper, and the affidavit sufficient therefor, seems beyond dispute.

As we understand appellant, he seems to concede that if said money had been found as an incident to or in connection with his arrest, same could have been properly seized, and its use thereafter as evidence would have been legal. We are not able to see the distinction between this proposition and the one embraced by proof of the seizure of said one-dollar bill which had figured physically,—and in a sense necessarily,— in the illegal transaction, i. e., the sale of the whisky,—as an incident to or coincident with a search of appellant's premises under a legal search warrant directing search for all liquors, instrumentalities, property, etc. As stated above, the marked one-dollar bill was accurately described in the affidavit and in the search warrant, but was only mentioned in connection with other things search for which would clearly be legal.

This court has never gone to the extent of holding that when peace officers are engaged in a legal search of premises described in a search warrant, for the kind and character of articles described in said warrant,—and while so engaged discover other evidence of crime not so described, that its seizure would be illegal, or that testimony concerning same when offered in a case to which the testimony was pertinent, would be rejected. We are not willing to hold that in a case such as this where

officers with a legal warrant went to the premises referred to and found therein an instrumentality connected immediately with the alleged criminal transaction, that on objection, testimony of such fact should be rejected upon the trial of the accused, when the objection is based upon the proposition that the officers failed to find the other things mentioned in the warrant, and found only one of the instrumentalities with which the crime was committed. While we appreciate the argument and motion of appellant, we cannot agree to the soundness of the position taken.

The motion for rehearing will be overruled.

*Overruled.*