E. H. SHEPPERD AND A. B. KNOX V. THE STATE.

No. 16843.   Delivered June 13, 1934.
Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 1027.

The opinion states the case.

*E. J. Conn,* of Lufkin, and *C. C. Chessher,* of Groveton, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two years.

Peace officers arrested appellants while they were transporting whisky in an automobile on a public highway in Angelina County. Upon searching the car the officers found therein approximately five gallons of whisky. Appellant Shepperd was driving the automobile.

Appellant Knox testified that the whisky belonged to him. However, his testimony clearly showed that appellant Shepperd acted with him in transporting the whisky. Appellant Shepperd did not testify.

Appellant Knox entered a plea of guilty. As shown in bill

of exception No. 1, appellant Shepperd presented to the court a special charge wherein the jury would have been advised that they could not consider the plea of guilty entered by Knox as a circumstance against Shepperd. This charge was refused. The court expressly advised the jury that appellant Shepperd was presumed to be innocent and that the State was required to establish his guilt by legal evidence beyond a reasonable doubt before he could be convicted. Again, in applying the law to the facts, the court required the jury to believe beyond a reasonable doubt that appellant Shepperd transported the whisky before they could convict him. Knox testified as a witness, not only for himself, but for appellant Shepperd. He sought to exonerate Shepperd by saying that he (Knox) owned the whisky. However, on cross-examination he in effect stated that Shepperd participated in transporting the whisky. Appellant Shepperd was apprehended in the act of transporting the whisky. No testimony raising a defense was interposed upon the trial. If it should be held that it would have been appropriate to give the requested charge, under the circumstances its refusal would not work as a reversal of the judgment as the omission was not calculated to injure the rights of appellant Shepperd. See article 666, C. C. P., and Aston v. State, 48 S. W. (2d) 292.

The other bills of exception found in the record deal with the refusal of the trial court to give certain requested instructions. Our examination of the matters embraced in these bills leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In their motion for rehearing appellants seek to raise the question of an unlawful search and seizure of the whisky found in the car occupied by them. No objection was made to testimony as to the search, nor is there complaint of anything relating to same evidenced by any bill of exceptions, but if there had been complaint, we would hold it of no avail under the facts of this case, which show that while the officers had information of the activities of appellant Shepperd in transporting intoxicating liquor, which might have

justified them in searching his car without a warrant,—it was in evidence without dispute that the officers in fact stopped Shepperd's car on the occasion in question because same had but one head light and had no tail light at all. The car was stopped on the highway in the nighttime. Under the provisions of article 803, P. C., it was the duty of said officers to stop said car and arrest its operator for violation of the law forbidding the operation of a car on a public road at night without proper lights. Many cases might be cited holding it proper to search a car after it had been legally stopped and the operator had been legally arrested. These suggestions are offered even though there be no bill of exceptions in the record.

The motion for rehearing will be overruled.

*Overruled.*