## I. O. Scott v. The State.

No. 19398.   Delivered February 16, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

*Tom L. Robinson,* of Gatesville, and *H. S. Beard,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting whisky in a dry area; the punishment, a fine of $100.

According to the testimony, the arresting officers observed appellant driving his automobile on a public highway at the rate of about 75 miles per hour, and undertook to arrest him. Appellant's car finally bogged down in soft ground and the officers arrested him. Upon searching his car they discovered a quantity of whisky.

Upon the trial appellant objected to the testimony of the officers touching the result of the search on the ground that they had no search warrant. The officers had the right to arrest appellant without a warrant for driving his car on a public highway more than 45 miles per hour. The officers had no knowledge that he was transporting whisky and were not seeking to arrest him for that offense. They testified that they pursued appellant and arrested him because of the fact that he was operating his car at the rate of speed we have heretofore mentioned. The arrest being legal, the contemporaneous search of the automobile was warranted. See Hardiway v. State, 2 S. W. (2d) 455; Shepperd v. State, 74 S. W. (2d) 1027; Nuben v. State, 21 S. W. (2d) 1061.

We deem it unnecessary to discuss the remainder of appellant's bills of exception.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant has only one complaint in his motion, and that is as to the sufficiency of the testimony. We see no useful purpose in discussing the same. Suffice it to say that after a careful review of the testimony, we think it sufficiently shows that he unlawfully transported six cases of whisky in a dry area, and this motion is therefore overruled.