## MATT LINTHICUM V. THE STATE.

No. 19450.   Delivered March 23, 1938.
Rehearing denied May 18, 1938.
Motion for leave to file second motion for rehearing denied May 25, 1938.

The opinion states the case.

*Seale & Thompson,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for unlawfully transporting intoxicating liquor in dry area; punishment is assessed at a $200.00 fine and confinement in the county jail for a term of sixty days.

Appellant's first complaint is that the court erred in declining to sustain his motion to quash the complaint and information. We are unable to agree with him. It was charged in both the complaint and information with sufficient certainty that appellant violated the law by transporting twelve quarts of wine in dry area, said wine containing alcohol in excess of one-half of one per centum by volume.

His next complaint concerns the testimony of the arresting officers as to what they found in his car after they arrested him. The officers testified that they observed appellant driving an automobile on the streets of the town of Nacogdoches at the rate of about 35 miles per hour, a rate of speed in excess of that allowed by law. They arrested him, searched his car and found twelve quarts of wine, which they turned over to the sheriff. Appellant objected to the admission of the testimony on the ground that the officers had no search warrant or warrant for his arrest. When appellant violated the speed law in the presence of the officers, they had a right, by statute, to arrest him without a warrant. See Article 803, P. C. True, the officers had no knowledge that he was transporting intoxicating liquor and were not attempting to arrest him for that offense. Nevertheless, the arrest being legal, the contemporaneous search of the autombile was authorized by law. See Hardiway v. State, 2 S. W. (2d) 455; Shepperd v. State, 74 S. W. (2d) 1027; Nuben v. State, 21 S. W. (2d) 1061; Scott v. State, decided February 16, 1938, but not yet reported. [Page 193 of this volume.]

610

By bill of exception number seven, appellant complains of the following argument by State's counsel, to-wit:

"The Legislature has given a latitude between two extremities to land on in each case, the minimum after you convict Matt Linthicum, is a $100 fine alone or a day in jail."

Appellant objected to said argument on the ground that State's counsel, in effect, told the jury that the defendant was guilty; that it was inflammatory and prejudicial. We do not regard the argument complained of subject to such construction.

All other matters complained of have been carefully reviewed and considered by us and found to present no reversible error.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the bill complaining of the argument of counsel for the State certifies that it was harmful. We do not so understand the bill. It is recited that such objection was urged to the argument. We further observe that it does not appear from the bill that objection was interposed at the time the argument was made, but shows only that the court was requested to instruct the jury to disregard it. We are still unable to discover anything improper in the remark complained of.

Our view remains the same as expressed originally that the officers legally detained appellant, and their evidence as to finding liquor in his car was properly admitted. The case of Scott v. State, referred to in our original opinion, is reported in 114 S. W. (2d) 565. [Page 193 of this volume.]

The motion for rehearing is overruled.