WILLIAM SUTTON V. STATE.

No. 25678. January 30, 1952.
Rehearing Denied March 26, 1952.
Appellant's Second Motion for Rehearing Denied April 23, 1952.

Hon. W. G. Gayle, Judge Presiding.

*Rocky Harkey,* Sinton, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted of the offense of possessing a narcotic drug and sentenced to ten years in the penitentiary.

The state's evidence is to the effect that appellant was driving an automobile and at three o'clock in the morning he failed to stop at a stop sign on a farm to market road at the entrance to the main highway and thereby collided with an automobile driven by a boy named George James. The state's evidence by James was that he saw a flash of lights coming toward him, the collision immediately followed and the next he remembered

was that he got up and saw appellant lying under the edge of the car driven by appellant. Both cars had landed in the yard of a nearby residence. Several people gathered about the scene of the wreck, the first of whom testified in detail about the things he saw. Near the driver's side of the front seat of appellant's car was a bag of something and he smelled marihuana.

Soon thereafter an officer arrived. He examined appellant who was in a great stupor and was believed by the officer to be under the influence of a narcotic. For running the stop sign appellant was arrested. An ambulance was called and appellant was delivered by the officer to the driver of the ambulance with instructions to take him to the hospital and keep him for the officer. The officer then examined the car and found, in the bag which the witness had seen, a quantity of marihuana. This was brought into court and definitely identified as the bag which the officer took from the seat of the car and it is shown that it contained marihuana.

We find in the statement of facts and in the transcript ten bills of exception. Each of these is based on the complaint that appellant was unlawfully arrested and that the officer illegally searched the car. It is contended that all evidence as to the marihuana was inadmissible.

There can be no claim that appellant was illegally arrested. The evidence is without dispute that the search was made after the arrest. It is a settled rule that a search warrant is not necessary in order to search the person of one under lawful arrest. 38 Tex. Jur., p. 73; Tones v. State, 48 Tex. Cr. R. 363, 88 S.W. 217, 122 Am. St. Rep. 759, 13 Ann. Cases 455, 1 L.R.A. (N.S.) 1024. Having a right to arrest and search appellant, he also had a right to search the car. Stokes v. State, 117 Tex. Cr. R. 307, 35 S.W. 2d 727; Hayes v. State, 115 Tex. Cr. R. 644, 28 S.W. 2d 556.

The second contention in appellant's brief is that the sheriff was permitted, over objection, to testify as to the quantity of the marihuana, that is that it would make about a hundred cigarettes. This evidence, it is contended, is immaterial to the state's case. Appellant did not testify and offered no evidence in his behalf and we are unable to understand why the contention is made that it was harmful to his defense. It may be immaterial to the prosecution but it would likewise be immaterial to the defense. His guilt does not depend upon quantity. We

see in it no reversible error. None appearing of record, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing emphasized the fact that the arresting officer was not present when the accident described in the opinion occurred. This we recognized. The question of the admissibility of the marijuana in evidence turns upon whether or not the arresting officer had authority under the statute to make the arrest. Our attention is called to the fact that the witness did not smell the marijuana until after the search had been made. In this our original opinion was in error. It is not the turning question in the case, however.

Article 803 of the Penal Code authorizes the arrest without a warrant, by any officer, of anyone violating the provisions of any of the various articles in the chapter into which that article is included. Article 801 of the same chapter is denominated "The Law of the Road." That the appellant had violated the law of the road (see Note 5 of Vernon's Annotations) is perfectly apparent. The officer was not in view of the accident as it occurred, but he saw the accident in its fullness in that he appeared on the scene before the vehicles or the parties were removed from the positions in which they were placed by the collision. It was perfectly apparent to the officer what had occurred, as much so as if he had seen it occur. To hold that he could not make an arrest under this circumstance would so restrict the authority given to the officers under Article 803 of the Penal Code as to make the same practically ineffective. We have no power to enlarge the acts of the legislature and, with the same diligence, should strive to understand the purpose of the legislation and refrain from restricting it so as to make it ineffective.

The officer W. A. Kline, Jr. gave other evidence which, in our opinion, warranted his act in making the search. He testified that he had reason to believe that there was marijuana in the car. He stated, as shown by the bill:

"* * * Defendant, William Sutton, seemed to be pretty badly hurt and I would say that he was semi-conscious. I was told that his name was William Sutton and that he was supposed to live in Refugio. I would not have taken the road he was on

at all if I were going to Refugio, because I would not have any business on that road if that's where I was going. I would say his, defendant's, conduct in running the stop-sign and being on the wrong road would indicate to me that something was wrong with him; I would say because the wreck occurred at about three o'clock in the morning and because the defendant was on the wrong road and because he had run a stop-sign without making any attempt to stop, judging from the distance his car travelled after the collision, and, because the defendant was not moaning or groaning as an injured person ordinarily would be after an accident of this kind, that there was something wrong with him. I didn't smell anything on his breath, but I tried to and that did not indicate to me that he was intoxicated on liquor; then the next thing that I thought was wrong with the defendant was; well, I thought that he was smoking or had marihuana. Yes, sir, I thought that he was smoking marihuana; Yes, Sir, I did see a package. that is, a paper bag or sack lying on the front seat of the defendant's car. * * * I could see this paper bag from the outside of the car because the car door was open; yes. I could see the paper bag lying on the front seat from the outside of the car. I sure did have reason to believe that there might be marihuana in that bag. * * *"

"* * * From the action of the defendant and the fact that he was not groaning or moaning or seemed to suffer any more than he was, at the time I picked up this paper bag, I certainly did have reason to believe that there was marihuana somewhere in the defendant's car. * * *"

"* * * Liquor is one of the first things that we look for in investigating these wrecks and we have a form to report to make out showing whether or not we find any intoxicating liquor. Judge Gayle, you ask me was there anything about his condition that would lead me to believe that he was probably under the influence of some opiate, Yes, Sir. It has always been my experience that, unless the sense of feeling is deadened with drugs, a person who has been severely injured will usually be found moaning or groaning or exhibiting some evidence of pain, where he was not unconscious. Its always been my experience that where a person has been injured like this defendant was, and he is not moaning or groaning or taking on, that would indicate that he could have been smoking marihuana. That's always been my experience. The fact that the defendant was out there at that hour of the morning, that he was traveling on the wrong road, that he had run a stop-sign, the fact that he was badly

injured, and the fact that he wasn't moaning or groaning, those things, well, naturally, they indicated that the defendant could have been smoking marihuana. That's the reason that I looked in the car for it; I searched the car and found it. * * * *."

We are unable to agree that the trial court erred in admitting the testimony complained of.

Taking into consideration all the evidence given which was made known to the officer at the time, and taking into consideration the circumstances as he viewed them, we think the arrest was legal and the search was authorized.

The motion for rehearing is overruled.

ON APPELLANT'S SECOND MOTION FOR REHEARING.

MORRISON, Judge.

In view of the importance of the question raised and with the thought that we may not, in our two prior opinions herein, have placed sufficient emphasis upon the Uniform Narcotic Drug Act, we have concluded it wise to write again on this matter.

The facts have been sufficiently stated.

The "Uniform Narcotic Drug Act," adopted originally by the legislature of this state in 1937, appears as Article 725b, Vernon's Annotated Penal Code.

By such act, all narcotics possessed contrary to the terms of the act are held to be contraband.

By Section 15 thereof, all peace officers are given the power, without warrant, "to enter and examine any buildings, vessels, cars, conveyances, vehicles, or other structures or places, *when, they have reason to believe and do believe that* any or either of same contain narcotic drugs * * *."

Also, by said section, such officers are given the authority, without warrant, to open and examine any box, parcel, etc., in the possession of any person, which they have reason to believe and do believe contains narcotic drugs.

It must be remembered that the officer saw the first bag of

marijuana from outside the vehicle. Had this been a bottle of whiskey sitting on the front seat of the car, would we say that the officer had no right to reach in the car and take it? The Uniform Narcotic Drug Act gave him the right to open it once he had it in his hand.

After careful re-examination of the facts, we remain convinced that the quoted portion of the officer's testimony set forth in our opinion on rehearing constituted sufficient evidence that he had reason to believe, and did believe, that the automobile contained a narcotic drug such as to show no abuse of discretion on the part of the trial court in admitting the evidence of what he found therein.

We are indebted to appellant's able counsel for his excellent briefs.

Remaining convinced that we properly disposed of this cause originally, appellant's second motion for rehearing is overruled.