BILL HARRIS V. STATE

No. 34,119.  January 24, 1962
Motion for Rehearing Overruled March 7, 1962

*Enoch G. Fletcher,* Grand Saline, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for robbery by assault; the punishment, 15 years.

While testifying for the state, Ardell Jobe identified the appellant and his companion, Arthur Samuel Brundrett, as the men who entered his store about 10:20 P.M., August 21, both with something painted on their faces and exhibiting pistols. After the appellant said: "This is a holdup. * * * Get in the back room there, you and your wife both, get in there before I kill you," the Jobes lay down on the floor in the vault as ordered. The appellant and Brundrett took $8 in money from Jobe's billfold and about $150 from the cash register and safe. During this time, Brundrett threatened to kill Jobe if he reached for a gun. Then Brundrett said: "Let's go, Bill" and told Jobe to give him five minutes to get away, and if he did not the man in the car would shoot him with a rifle. Jobe further testified that the appellant and Brundrett put him in fear of bodily injury and his life, and that he did not consent to their taking the money.

Officer Herndon testified that, about 12:05 A.M., August 22, he and Officer Mack observed an automobile without its lights on back of a closed service station; it was then driven out and

along a public street with its lights still off. While in pursuit, the officers saw something thrown out of the car driven by appellant and in which Brundrett was riding. The officers discovered the thrown away items to be two pistols containing five shells.

Testifying in his own behalf, the appellant denied committing the offense charged. He admits being at the service station, as the officers testified, but says he was having trouble with his car and stopped there because it needed water, and that they intended to stop at another place when the officers stopped them. He denied that they threw the pistols out of his car or that he ever owned either of them.

In rebuttal, the state called Mrs. Jobe who was present when the robbery was committed. Her testimony corroborates that of her husband except as to identification. She says only that she had heard appellant's voice since the robbery, and it sounded like the voice of the man who told her husband to get in the vault.

It is contended that the court erred in permitting the state to prove the use of firearms by the appellant during the robbery, on the ground that the state had dismissed that portion of the indictment.

The weapon used in the commission of a crime is admissible in evidence. The dismissal of the firearm allegation only affects the punishment that may be assessed. 23 Texas Jur. 2d 583, Sec. 392.

Appellant insists that the trial court erred in refusing to grant his motion for a severance.

The record shows that the appellant and Arthur Samuel Brundrett were separately indicted September 19, 1960, for committing the same act of robbery. The cases were set for trial October 10, 1960, but they were passed. On October 17, the appellant filed a motion for severance. Both cases were reset for trial on October 24. No action was taken on the severance motion as both cases were again passed on October 24. Both cases were again set for trial on March 27, 1961. At this time, Brundrett filed a motion for a severance. When the defendants could not agree on the order of trial, the court, after examining and considering the motions, ordered the case of appellant to be tried first.

No abuse of discretion is shown in the action of the trial court in ordering that appellant be first tried. 42 Texas Jur. 36, Sec. 18; 2 Branch's Ann. P.C. 2d 60, Sec. 763; Pena v. State, 167 Texas Cr. Rep. 406, 320 S.W. 2d 355.

Appellant contends that his constitutional right against incriminating himself was violated by forcing him to give evidence against himself, when the trial court, over his objection, permitted the witness Jobe to testify that he saw and identified the appellant in a "line up" the day after the robbery.

No statement made or act done by the appellant at that time was introduced in evidence.

The testimony complained of was not improper as forcing the appellant to give evidence against himself. Slone v. State, 121 Texas Cr. Rep. 632 50 S.W. 2d 301.

Appellant contends that the trial court erred in admitting evidence of the search of his automobile and the results thereof on the ground that the search was illegal.

The testimony of Officer Herndon as to the manner in which appellant was operating his automobile on a public street in Dallas was sufficient to show a traffic violation. This violation authorized the arrest of the appellant and the search of his car was legal as it was incident to his arrest. No error is presented. Winfield v. State, 163 Texas Cr. Rep. 445, 293 S.W. 2d 765.

The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.