**Samuel S. HARDIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37646.**

Court of Criminal Appeals of Texas.

Jan. 27, 1965.

Rehearing Denied March 10, 1965.

John Cutler, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Sidney L. Farmer, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of marijuana; the punishment, five years.

Police Officer Fincher testified that in answer to a disturbance call he went to the Teagarden Beer Tavern at 5:15 on the afternoon of July 4. After entering, the employees informed him that they had not reported a disturbance, and he had started to leave the establishment when he observed appellant seated at a table alone. He stated that appellant was "slumped over the table. * * * He appeared to be asleep or intoxicated. * * * He had his head down. * * * He was kind of drooping across the table. In other words he was sitting down—he was almost with his head on the table." He stated that he arrested appellant when he concluded that he was intoxicated, asked him to stand up, and when appellant was unable to do so unaided, he and his fellow officer took hold of his arms and assisted him in getting out of the

chair and the establishment. At the patrol car, some 20 feet from the place of business where the arrest had been made, Officer Fincher searched the person of appellant and found a cigarette and loose particles which were later shown by the testimony of the chemist to be marijuana.

Appellant called the two waitresses employed at the Teagarden. Corinne Kelley testified that appellant "looked up when they (the officers) came into the door." She testified further as follows:

"Q. Do you know whether or not his head was on the table?

"A. No sir, it wasn't.

"Q. Do you know how far it was from the table?

"A. He was sitting up. He wasn't slumped over."

Later she testified that " * * * he looked like he might have been drinking but not drunk.", and stated that the officers did not assist him in getting up or leaving the tavern.

Lillian Giles testified that appellant had a "couple of beers" and that "He kind of had his head down when the officers walked in", but stated that appellant was not intoxicated.

Appellant, testifying in his own behalf, stated that he was "Just sitting there. * * * Like this (indicating)" when the officers told him to come with them; that he had never seen the cigarette or the napkin containing the marijuana particles before the trial; that he did not have any marijuana in his possession at the time of his arrest and that he was not drunk on that occasion.

■ The jury resolved this conflict in the evidence against appellant, and we find the evidence sufficient to sustain the conviction. ·

■ Appellant's principal complaint related to the introduction of the cigarette and the particles into evidence over his objection that the officers did not have probable cause authorizing them to arrest appellant. He contends, and we agree, that the officers could not rely upon appellant's inability to rise from his chair or walk unaided because Fincher testified that appellant was placed under arrest when he told him to stand up. There can be no question of the authority of the officers to arrest appellant in a public place if they had reasonable grounds to believe that he was drunk. Cook v. State, 155 Tex.Cr.R. 580, 238 S.W.2d 200, and King v. State, 166 Tex. Cr.R. 231, 312 S.W.2d 501. Officer Fincher was not certain as to the presence of beer bottles on the table at which appellant was seated, but thought he remembered that there were two such bottles. We have concluded that appellant's appearance and posture *as set forth above* were sufficient to lead the officers to believe that he was intoxicated in a public place and authorize the arrest. We have examined the cases cited by appellant with care but are convinced that this case is controlled by our prior opinions in Fletcher v. State, 164 Tex.Cr.R. 321, 298 S.W.2d 581; Morgan v. State, 159 Tex.Cr.R. 231, 262 S.W.2d 713; and Rent v. State, 160 Tex.Cr.R. 326, 268 S.W.2d 674.

■ Appellant next complains of the failure of the court to submit to the jury the issue of probable cause authorizing the search of his person. We do not have here a case of a search upon probable cause, but a search of appellant's person which was incident to a lawful arrest. Officer Fincher was authorized, and it was his duty to arrest appellant when it appeared to him that appellant was drunk in a public place. Fletcher v. State, supra. The arrest being lawful, the incident search of his person was authorized. Aaron v. State, 163 Tex. Cr.R. 635, 296 S.W.2d 264; Mays v. State, 165 Tex.Cr.R. 123, 304 S.W.2d 118; and King v. State, 166 Tex.Cr.R. 231, 312 S.W. 2d 501.

■ Appellant's last complaint is that the court failed to charge the jury to acquit

if they found that appellant had the marijuana on his person but did not know such fact. Such an issue is not raised by the evidence, as appellant denied that any marijuana was found on his person and stated that he had seen the State's exhibits for the first time at the trial.

No reversible error appearing, the judgment is affirmed.