**Sanders Lee LANE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40222.**

Court of Criminal Appeals of Texas.

April 12, 1967.

Rehearing Denied May 24, 1967.

Ronald R. Waldie, Ralph Lynn McDowell, Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., James Law, Gil Shaw and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is unlawfully carrying a pistol; the punishment, a fine of $100.00.

The sole ground of error presented by defendant's brief filed in the trial court is:

"The court erred in the denial of defendant's motion to suppress, in admitting the testimony relating to the search and the fruits thereof, in violation of defendant's rights under the Fourteenth Amendment to the Constitution of the United States."

The motion to suppress, which the court overruled, moved: "to suppress the following evidence seized as a result of the search of his automobile * * * to wit:

(1) The pistol removed from the glove compartment of the above described automobile.

(2) Any other items seized as a result of said search; and

(3) Any statements or admissions, oral, written, taped or otherwise, made by the defendant after arrest was made or during subsequent search."

None of the evidence or items mentioned in the motion to suppress as having been seized were offered in evidence at the trial.

It is clear from the brief that appellant's claim of error is the admission of the evidence relating to the finding of the pistol in the glove compartment of the automobile appellant was driving at an excessive speed when he was stopped by the arresting officer.

The stipulated facts reveal the following.

While on regular patrol at approximately 3:20 A.M., a police officer of the City of Dallas observed appellant driving his station wagon at a speed of 50 miles per hour in a 35 mile speed zone on Twelfth Street in Dallas.

The officer stopped appellant, who was alone in his station wagon, and ordered appellant to step from the automobile which he did.

The officer did not request appellant's permission to search the station wagon. Appellant did not give consent to a search of the car, nor did he object to the search. He remained standing by his automobile and said nothing.

The officer did not have a warrant for the arrest of appellant or a search warrant. He did not search the person of appellant until he searched the station wagon and found a pistol in the glove compartment. He then immediately searched appellant and found nothing of any significance. He radioed for assistance and upon the arrival of another police officer appellant was taken to the city jail where he was booked for the offense of carrying a pistol and was issued a citation for speeding.

As in Hardin v. State, Tex.Cr.App., 387 S.W.2d 60, we are not here dealing with a case of a search upon probable cause but a search incident to a lawful arrest. In Hardin v. State the arrest was for being drunk in a public place, and the search was of his person. Here the arrest was for speeding and the pistol was found in the glove compartment of appellant's automobile prior to the search of his person.

The right to search as an incident to a lawful arrest is not limited to a search of the person of the accused. Agnello v. United States, 269 U.S. 20, 29, 46 S.Ct. 4, 5, 70 L.Ed. 145, 148; Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed. 2d 777; Chapin v. State, 107 Tex.Cr.R. 477, 296 S.W. 1095; Sutton v. State, 157 Tex. Cr.R. 216, 247 S.W.2d 894, 895; Staton v. State, 172 Tex.Cr.R. 128, 354 S.W.2d 582; Harris v. State, 172 Tex.Cr.R. 150, 354 S. W.2d 155.

The Supreme Court stated, in Agnello v. United States, supra:

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime, and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted. See Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 69 L.Ed. 543, 553, 39 A.L.R. 790; Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341,

58 L.Ed. 652, 655, L.R.A.1915B, 834, Ann. Cas.1915C, 1177."

In Preston v. United States, supra, cited by appellant in support of his contention that there was no probable cause for the police officer to search appellant's station wagon, the search of the automobile held to be without probable cause and unlawful was unrelated to the arrest for vagrancy, both as to time and place. However, the Supreme Court said:

"Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. * * * This right to search and seize without a search warrant extends to things under the accused's immediate control."

In Chapin v. State, 296 S.W. 1095, 1097, Judge Morrow said:

"the search without warrant of a person and place made contemporaneously with a lawful arrest is permissible." (Citing Agnello v. United States, supra)

In Sutton v. State, 247 S.W.2d 894, 895, we said:

"There can be no claim that appellant was illegally arrested. The evidence is without dispute that the search was made after the arrest. It is a settled rule that a search warrant is not necessary in order to search the person of one under lawful arrest. 38 Tex.Jur., p. 73; Tones v. State, 48 Tex.Cr.R. 363, 88 S.W. 217, 1 L.R.A.,N.S., 1024, 122 Am.St.Rep. 759, 13 Ann.Cas. 455. Having a right to arrest and search appellant, he also had a right to search the car. Stokes v. State, 117 Tex.Cr.R. 307, 35 S.W.2d 727; Hayes v. State, 115 Tex.Cr.R. 644, 28 S.W.2d 556."

In Staton v. State, 354 S.W.2d 582, we said:

"The testimony of Officer Liles that he observed appellant violating a traffic law

by speeding authorized his arrest without a warrant and the incidental search of his automobile. Art. 803 Vernon's Ann.P.C. Scott v. State, 134 Tex.Cr.R. 193, 114 S.W.2d 565; Linthicum v. State, 134 Tex.Cr.R. 608, 116 S.W.2d 714; Minor v. State, Tex.Cr.App., 219 S.W. 2d 467, and Douglas v. State, 167 Tex. Cr.R. 82, 318 S.W.2d 643."

We are aware of no authority which limits the search incident to a lawful arrest to the person of the accused.

The record does not reflect that the purpose of the officer in stopping appellant was to search his car and not to arrest him for speeding.

■ The right to search as an incident to a lawful arrest is given to all peace officers, not just to those who are afraid or are in actual danger. It was not incumbent upon the state to prove that the officer was afraid or that he was in danger, or that at the time of the arrest and search the officer knew that even though appellant might have a pistol within reach he would not use it to assault an officer or to effect his escape.

■ The fact that the arresting officer found the pistol before he searched appellant's person did not affect the validity of the search of the station wagon, or the admissibility of the evidence relating to the finding of the pistol in the glove compartment.

We dispose of appellant's argument concerning the effect of upholding the search which resulted in the finding of the pistol in the language borrowed from the opinion in Winfield v. State, 163 Tex.Cr.R. 445, 293 S.W.2d 765, 767.

"We are not unmindful of the possibilities of abuse of authority which appellant's counsel argues so forcefully may result from this decision, but we feel that we are bound by the acts of the Legisla-

ture and the prior decisions of this Court."

The trial court did not err in overruling the motion to suppress such evidence.

The judgment is affirmed.

MORRISON, Judge (dissenting).

It should be noted that Preston v. United States, supra, said that in cases involving the search of motor vehicles, "the test still is, was the search unreasonable." This is consistent with the United States Constitution and the Constitution of Texas. In simple traffic violations there are no fruits of the crime, and a search can be justified only as a means of affording protection to the arresting officer. To say that the officer who turns his back on the driver whom he has arrested, while he first searches the driver's automobile is conducting a reasonable search incident to the arrest and not conducting an exploratory search staggers the credulity of anyone who pauses to examine the reasoning.

We quote from "Constitutional Limitations on Evidence in Criminal Cases", Institute of Continuing Legal Education Handbook No. 16: "Very few drivers can traverse any appreciable distance without violating some traffic regulation." Such violations under the arrest laws of most states give police officers the right to arrest the driver without a warrant, but "the overwhelming weight of case law holds that there is no right to search either the occupants of the car or the car itself when arrest is made for an ordinary traffic offense."

A relatively new annotation titled "Lawfulness of Search of Motor Vehicles Following Arrest for Traffic Violation" may be found in 10 A.L.R.3rd, at page 314. It is interesting to note that of the approximately seventy cases from this and other jurisdictions there collated and discussed, only one case is found which would possibly authorize a search of this appellant's auto-

mobile under the meager stipulations which form the facts of this case.

I am not prepared to stand alone against this great weight of authority in such a sensitive area of constitutional law.

I respectfully dissent.