Clellan Manard **NEWHOUSE**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 42285.

Court of Criminal Appeals of Texas.

Oct. 29, 1969.

Forrest F. Baird, Houston, for appellant.

Carroll S. Vance, Dist. Atty., Houston, James C. Brough, Phyllis Bell and Robert N. Hinton, Jr., Asst. Dist. Attys., Houston, and Jim Vollers, State's Atty., of Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is carrying a prohibited weapon; the punishment, a fine of $150.00.

The sole question presented for review is whether or not the arrest of appellant and search of appellant's automobile were lawful and the fruits of the search admissible into evidence.

The witness for the State, Fred Rubin, testified that at 1:00 a. m. on April 21, 1968, he heard loud shouting, cursing and a woman screaming and shouting, "kill the son of a bitch," coming from a next door residence. Then he heard shooting. He went outside where a group of bystanders had gathered, whereupon he called the police. When the police arrived, the witness told the officer that he had noticed an automobile that had been circling the block repeatedly. The arresting officer testified as follows as to what the witness Rubin and the other bystanders told him:

"Q. Did he identify the car with anyone that had caused any disturbance or crime in his presence?"

"A. He said this car was involved some way in this disturbance."

\* \* \* \* \* \*

"Q. Was this defendant pointed out to you as having patrolled that area before or immediately after this shooting that is alleged to have occurred?"

"A. Yes, that is what was told to me. The car had circled the block a number of times."

The officer stopped the automobile; searched it and discovered a pistol hidden between the two front seats. The appellant was driving the automobile in question.

Under the circumstances, Article 14.03, Vernon's Ann.C.C.P., is applicable to this case. Article 14.03 states:

Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws.

It would appear that there was a disturbance involving gunplay, and that the officer had probable cause to believe that the automobile that appellant was driving was involved. The stopping and subsequent searching of appellant's automobile was therefore not unreasonable, Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, 780; Taylor v. State, Tex. Cr.App., 421 S.W.2d 403.

We stated recently in Chambler v. State, Tex.Cr.App., 416 S.W.2d 826, that officers, after receiving a call about suspicious persons in the area, were justified in stopping and searching a person whom they observed walking on an otherwise deserted street at 2:00 a. m. We think Chambler, supra, is controlling here. It follows that if the arrest was lawful then the search, incidental to the arrest, was also lawful. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 148,[1] and the fruits of such search were admissible, Patella v. State, Tex.Cr.App., 367 S.W.2d 340, 341; Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270; Price v. State, Tex.Cr.App., 410 S.W.2d 778; Houston v. State, Tex.Cr.App., 428 S. W.2d 353; Carrizales v. State, 152 Tex.Cr.

R. 499, 215 S.W.2d 342; Pennington v. State, Tex.Cr.App., 364 S.W.2d 376.

Finding no reversible error, the judgment of trial court is affirmed.

---

1. See also Preston v. United States, supra; Sutton v. State, 157 Tex.Cr.R. 216, 247 S.W.2d 894; Staton v. State, 172 Tex. Cr.R. 128, 354 S.W.2d 582; Harris v. State, 172 Tex.Cr.R. 150, 354 S.W.2d 155; Jones v. State, supra; Carrizales v. State, supra.