Bobby Earl **HOLLEY**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 47893.

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Gerald B. Scheve, Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Poe and Mike Maguire, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is forgery; the punishment, five (5) years probated.

This is an appeal from an order revoking probation, the court having reduced the punishment to three and one half years.

**152**

Because of the unusual grounds of error here advanced, the facts will be stated first.

Officers Holdreith and Dykes testified that while on patrol on the night in question they received a "disturbance involving a gun" call and upon responding got a general description of "a light blue Pontiac Grand Prix". Some ten minutes later while again on patrol they observed such an automobile bearing a paper license plate which had been "bent" so as to conceal the date of issuance (from which an officer might determine the validity of the license).

They brought the Grand Prix to a halt and appellant, who was the driver, "jumped out" and approached them, though he had not been requested to do so, while his passenger remained seated in the automobile. It was discovered that the driver had only an expired Florida driver's license. The other officer then went to the driver's side, entered the automobile, and opened the console in the center of the front seat where he found a loaded pistol. Appellant and his passenger were then arrested and placed in the patrol car. One of the officers drove the Pontiac to the police pound. Upon entering for this trip, he immediately detected the odor of marihuana and picked up a package of cigarettes from the floorboard which contained some hand rolled cigarettes which were shown to contain marihuana.

■ Only one general objection was interposed to any evidence at the hearing. Such was not sufficient objection to preserve error on appeal. Valdez v. State, Tex.Cr.App., 472 S.W.2d 754; and Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728.

It is appellant's contention that his court appointed attorney at the hearing on the motion to revoke was incompetent because he did not file a motion to suppress the fruits of the search of the automobile.

■ We need not belabor his contention because we have concluded that the fruits

of the search were admissible. Newhouse v. State, Tex.Cr.App., 446 S.W.2d 697; and Taylor v. State, Tex.Cr.App., 421 S. W.2d 403.

No abuse of discretion having been shown, the judgment is affirmed.