In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-062 CR


____________________



BAO NGOC PHAM, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D-990759-R






O P I N I O N


 A jury convicted Bao Ngoc Pham of possession of a controlled substance. The trial
court sentenced Pham to six years' confinement in the Texas Department of Criminal
Justice, Institutional Division. Pham appeals raising nine issues.

 Issues one, two, and three contend the trial court erred in denying Pham's motion
to suppress because the initial stop for a traffic violation was invalid. In reviewing a
motion to suppress hearing, we consider the evidence in the light most favorable to the trial
court's ruling. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The
trial court is the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given their testimony. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000). We afford almost total deference to a trial court's determination of the
historical facts that the record supports. See Guzman, 955 S.W.2d at 89. We afford the
same amount of deference to the trial court's rulings on mixed questions of law and fact
if the resolution of those issues turns on the trial court's evaluation of credibility and
demeanor. See Garcia v. State, 15 S.W.3d 533, 535 (Tex. Crim. App. 2000). Because
the trial court's decision turned on the court's assessment of witness credibility and
demeanor, we review the record applying a deferential, abuse of discretion standard of
review.

 Sergeant Donald Harmon, with the Special Services Division of the Orange County
Sheriff's Office, testified Pham was stopped because his vehicle failed to maintain a single
marked lane and the license plate lamp on his vehicle did not appear to be operational. See
Tex. Trans. Code Ann. § 545.060 (Vernon 2002); Tex. Trans. Code Ann. §
547.322(f) (Vernon 1999). Officer Harmon testified that while performing his duties on
Interstate 10, he observed Pham's vehicle and noticed "at that time it appeared that the
license plate lamp was not operational." Officer Harmon further testified that when Pham
walked to the back of the vehicle he (Harmon) noticed that the license plate lamp did work;
it was only dirty and was hard to see from his vantage point when he pulled Pham over.

 Pham contends the videotape discredits Officer Harmon's testimony because it
shows that after Pham's arrest, when Pham's car was being followed by the patrol car en
route to the police station, the license plate remained illuminated even while the car was
turning and the patrol car's headlights were not shining on the plate. This is consistent
with Officer Harmon's admission the lamp was working; it does not discredit Officer
Harmon's claim that at the time he pulled Pham over the lamp did not appear operational. 
 It was for the trial court to judge Officer Harmon's credibility concerning his belief
the lamp was not operational as his reason for the stop. Accordingly, we are unable to say
the trial court abused its discretion in finding there was a valid basis for the stop and
denying Pham's motion to suppress. Issues one, two and three are overruled.

 Issue four argues the trial court erred in denying Pham's motion to try the co-defendant, Elizabeth Nguyen, first, pursuant to Texas Code of Criminal Procedure article
36.10. Article 36.10 provides, "[i]f a severance is granted, the defendants may agree upon
the order in which they are to be tried, but if they fail to agree, the court shall direct the
order of the trial." Tex. Code Crim. Proc. Ann. art. 36.10 (Vernon 1981). The record
reflects Pham filed a motion to try Nguyen first that stated "[t]he defendants agree to try
Elizabeth Nguyen first and Bao Pham second." The motion is signed by Pham and his
attorney. It is not signed by Nguyen or her attorney. Because the record does not
establish Nguyen agreed to Pham's motion, the decision on the order of trial rested solely
in the discretion of the court. See Wright v. State, 644 S.W.2d 525, 529 (Tex. App.--Corpus Christi 1982, no pet.)(citing Lafoon v. State, 543 S.W.2d 617 (Tex. Crim. App.
1976); Harris v. State, 172 Tex.Crim. 150, 354 S.W.2d 155, 156 (Tex. Crim. App.
1962)). See also Feehery v. State, 480 S.W.2d 649, 651 (Tex. Crim. App. 1972). Issue
four is overruled.

 In issues five and six, Pham asserts the application paragraph of the Article 38.23
instruction was erroneous and constituted fundamental error. As Pham did not object to
the charge, the error, if any, is reversible only if the harm was so egregious the accused
did not have a fair and impartial trial. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985) (op. on reh'g). 

 The application paragraph of the charge reads:

 You are instructed that under our law no evidence obtained or derived
by an officer or other person as a result of an unlawful stop and detention
shall be admissible in evidence against such accused. An officer is permitted
to make a temporary investigative detention of a motorist if the officers have
specific articulable facts, which, taken together with rational inferences from
those facts, lead them to conclude that a person detained actually is, has
been, or soon will be engaged in criminal activity. Now, bearing in mind
the foregoing, if you find from the evidence that on the occasion in question,
the Defendant, BAO NGOC PHAM, was driving his vehicle as nearly as
practical entirely within a single land and did not move from his lane when
said movement was unsafe on Interstate 10 immediately preceding his stop
and detention by the officers herein or you have a reasonable doubt thereof,
then such stopping of the accused would be illegal and, if you find the facts
so to be, or if you have a reasonable doubt thereof, you will disregard this
testimony of the officers relative to their stopping the Defendant and their
conclusions drawn as a result thereof, and you will not consider such
evidence for any purpose whatsoever.

 If you find from the evidence that on the occasion in question, the
Defendant, BAO NGOC PHAM, was driving his vehicle and his rear license
plate was illuminated by a lamp constructed and mounted on his vehicle
which made the plate clearly legible at a distance of 50 feet immediately
preceding his stop and detention by the officers herein or you have a
reasonable doubt thereof, then such a stopping of the accused would be
illegal and, if you find the facts so to be, or if you have a reasonable doubt
thereof, you will disregard this testimony of the officers relative to their
stopping the Defendant and their conclusions drawn as a result thereof, and
you will not consider such evidence for any purpose whatsoever.

 

 Pham complains specifically of the closing instruction that "you will disregard this
testimony of the officers relative to their stopping the Defendant and their conclusions
drawn as a result thereof, and you will not consider such evidence for any purpose
whatsoever." Pham contends it "authorized the jury to apply the suppression law only to
officer testimony and conclusions." We disagree. Although Pham's construction is
logical, it is a literal one and ignores the entirety of the instruction. Further, it is not the
only reasonable construction. We find the application paragraph, considered in its
entirety, instructed the jury to ignore the police officer's testimony and any resulting
evidence if the jury found the stop was invalid. Cf. Hutch v. State, 922 S.W.2d 166, 172
(Tex. Crim. App. 1996). Issues five and six are overruled.

 In issue seven Pham argues the trial court erred in refusing to instruct the jury on
the lesser included offense of possession of less than one gram of methamphetamine. 
Melissa Taylor testified the substance found in Pham's possession constituted five grams
of methamphetamine, including adulterants and dilutants. Pham's argument that the jury
could have found that if he was guilty, he was only guilty of a lesser included offense, is
without merit. Pham reasons that there was varying evidence as to how much of the
weight was attributable to methamphetamine, as opposed to adulterants and dilutants. The
weight of the controlled substance includes "the aggregate weight of any mixture, solution,
or other substance containing a controlled substance." See Act of May 21, 1997, 75th
Leg., R.S., ch. 745, § 1, 1997 Tex. Gen. Laws 2411 (amended 1999, 2001) (current
version at Tex. Health & Safety Code Ann. § 481.002 (5) (Vernon Supp. 2002)). 
There was no evidence that the aggregate weight of the substance in Pham's possession
was less than five grams. Issue seven is overruled.

 Issue eight contends the trial court erred in instructing the jury that reasonable
suspicion was the standard governing the legality of the traffic stop, rather than probable
cause. During the charge conference, defense counsel objected, "that probable cause is
what is required to make a traffic stop and that this lessens the State's burden for justifying
the traffic stop." As noted above, Officer Harmon testified that when he observed Pham's
vehicle, it appeared the license plate lamp was not operational. Officer Harmon's stop of
the car, therefore, constituted a temporary investigative detention to determine if a traffic
offense was being committed, i.e., a defective license plate lamp. See Chapman v. State,
961 S.W.2d 586, 588 (Tex. App.--Houston [1st Dist.] 1997, no pet.). Accordingly, the
trial court did not err in instructing the jury on reasonable suspicion. Issue eight is
overruled.

 Pham's ninth and final issue claims the evidence is legally insufficient to support
his conviction. Specifically, he argues that under the statute in effect at the time of the
offense, the precursor pseudoephedrine, which was detected in the analysis done by
Taylor, was not to be included in the aggregate weight. Pham relies upon Dowling v.
State, 885 S.W.2d 103, 108 (Tex. Crim. App. 1992), for his contention. Pham is correct
that in Dowling the court held the State was required to prove the weight of amphetamine,
absent any adulterants, dilutants, or immediate precursors. Pham fails to note that the
court did so only because the indictment in that case alleged "'more than 400 grams of a
controlled substance, to-wit: Amphetamine'" and "[n]o mention was made of adulterants
and/or dilutants in the indictment." Id. at 107. The court noted under the statute a
material, compound, mixture, or preparation containing any quantity of amphetamine is
a controlled substance. Id. at 124. "It is the weight of this entire entity which is aggregate
weight of the 'controlled substance'" and "if such theory is alleged in the indictment," it
is that weight for which a person may be charged and convicted. Id. at 124. Dowling
simply does not stand for the proposition for which it is asserted. Accordingly, issue nine
is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM


Submitted on July 17, 2002 

Opinion Delivered August 14, 2002

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.