**Nathaniel HOUSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41248.

Court of Criminal Appeals of Texas.

May 8, 1968.

Rehearing Denied June 12, 1968.

D. C. Gandy, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Gordon Gray, Wayne E. Roberts and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is robbery; the punishment, twenty-five years.

Ground of error No. 1 is that reversible error was committed in admitting testimony showing the fruits of the search following the arrest of the appellant without a warrant and without probable cause.

The testimony of the state reveals that about 7 a. m., June 10, 1967, Glen Martin, was awakened while asleep in his automobile in a park in Fort Worth by three men, one of whom held a pistol pointed toward Martin, with the other two standing beside and just behind him. The man with the pistol removed some money from Martin's trousers pocket, without his consent, and while he was in fear of his life and serious bodily injury. At this time there was $105 in money in a bag on the dash board of Martin's car, but there is no evidence showing when it was taken. While testifying, Martin identified the appellant as one of the three men who stood near him when the money was taken from his pocket. The men forced Martin into the rear seat of the car and to the floor and placed a cover over him. The appellant held Martin's shotgun, which Martin had in the car, against Martin's head as they drove Martin's car from the park. After traveling some distance, they stopped on a road in Dallas County, tied Martin's hands behind him, pulled him out of the car and shoved him down in a ditch and told him to stay there, and then they drove away in Martin's car. Martin testified that it was about one or one and one-half minutes from the time he was shoved into the ditch until Officer Cox, who was in the first car that came along the road, picked him up.

J. D. Cox, Police Sergeant in the Dallas Police Reserve, testified that about 10 or 10:30 a. m., June 10, 1967, he saw Glen Martin walking along a road with socks on his feet, but without shoes and with his hands tied behind him; that Martin appeared nervous at the time, and told him he had been "highjacked" and his car stolen, and it had been just a very few minutes since they drove away in his car; that he drove about one-half mile to a telephone and notified the Dallas Police Department who put it on their radio broadcast. At this time Cox stopped Officer Wafter who was passing in a squad car, and turned the investigation over to him. Martin gave Cox a description of his car, and on Cox going about one-fourth mile after he left Wafter and Martin he saw a car parked beside the road with the hood up but unoccupied; that on returning along this road in a brief time he saw the appellant and two other men with a deputy sheriff about one-half mile south of the place where Martin's car was found.

Deputy Sheriff McMains testified that while on patrol on the morning of July 10, 1967, in a car with a two-way radio he received a police radio broadcast describing three men wanted by the Dallas Police Department; that shortly after the broadcast he saw three men walking along a road; and that he arrested them and held them in custody until other officers arrived. While testifying, McMains identified the appellant as one of the three men he arrested. In the absence of the jury, McMains further testified that the description given in the radio broadcast of three men in the area where he was on patrol fit the description of the three men he saw walking along the road about one mile from a car he had seen parked beside the road before he saw the three men; that the radio broadcast related that an officer had picked up the owner of the car walking along the road and that the three men could not have gone very far; that on a search of the three men

they found approximately $105 in money among them. McMains further testified that Miller, one of the three men arrested, later directed him to where they had disposed of the pistol and the shotgun which was near the scene of the arrest.

■ The evidence was sufficient to constitute probable cause and authorized the arrest of the appellant without a warrant. Therefore, the evidence of what the search revealed was admissible. Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270; Price v. State, Tex.Cr.App., 410 S.W.2d 778; Weeks v. State, Tex.Cr.App., 417 S.W.2d 716, cert. den. 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494.

In ground of error No. 2 reversal is sought for the reason that the "oral argument of the prosecuting attorney prevented the defendant from receiving a fair trial in violation of the Fifth Amendment of the United States Constitution."

In his brief the appellant sets out several excerpts from the state's argument and also refers to another by citing the page of the record where it can be found.

■ The record of such argument has been examined. No objections were made to it, no instructions were requested or given pertaining to it, and no motion for a mistrial was made. It is concluded that no error is presented.

Ground of error No. 3 is that the trial court reversibly erred in overruling appellant's objection to prejudicial argument.

■ Appellant's further objection shown in the brief is to state counsel's reference to the appellant as a robber; and later when state's counsel argued that appellant was also a kidnapper, a car thief, and committed an assault to murder when he placed the shotgun to Martin's head, to which the appellant objected for the reason it was outside the record and he was not on trial for those offenses.

The offenses referred to are sufficiently shown by the evidence to authorize the conclusion that appellant committed them.

In considering all the evidence and all the jury argument, it is concluded that no reversible error is shown. Ground of error No. 3 is overruled.

Error is urged on the grounds that the trial court erred in its main charge on guilt or innocence in instructing the jury that the punishment was by confinement for life, or any term of years not less than five.

The indictment charged and the court submitted to the jury the offense of robbery with firearms. An examination of the charge on guilt or innocence shows that the court told the jury that the punishment for robbery by assault was for life, or for a term not less than five years; and that when a firearm was used the punishment was by death or any term of years not less than five. The court further instructed the jury that the state had expressly waived the death penalty.

■ The inclusion in the charge on guilt or innocence of the punishment prescribed for robbery by assault along with the punishment for robbery with firearms in accordance with Art. 37.07, Sec. 2(a) in effect at the time of this trial reveals no error.

The other grounds of error directed to the court's charge on guilt or innocence have been carefully considered and they do not show error.

The appellant challenges the sufficiency of the evidence to support the conviction.

■ The summary of the evidence as shown above in considering ground of error No. 1, sufficiently shows that by the use of a firearm some money was taken from the possession of Glen Martin in Tarrant County, without his consent, and that at such time he was put in fear of his life

**356** ■

and serious bodily injury, and that the appellant acting either alone or as a principal is guilty of committing said offense.

The judgment is affirmed.