**Billie June MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42069.**

Court of Criminal Appeals of Texas.

May 21, 1969.

John Cutler and Ray Epps, by Ray Epps, Houston, for appellant.

W. C. Lindsay, Dist. Atty., Walter Umphrey, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is robbery by assault with firearms; the punishment, 15 years' con-

finement in the Texas Department of Corrections.

The State's evidence depicts the appellant as a modern day female Fagin who master minded the alleged robbery, while appellant, who admitted to being known as "Maw," attempted to show that she had acted as a guiding light to wayward and abused teenagers and young people.

At approximately 3 a. m. on January 6, 1967, David Barnes, night cashier of the Ace Drive In, an all night grocery, was robbed at gunpoint by Eddie Carter, alias Eddie Revia, and $60 or more was taken. Carter then fled in a 1967 Dodge Dart containing the appellant, Gene Godwin and Colleen Donnohoe. Shortly before the robbery John Judson, accompanied by Billy Dyson, had parked his yellow Mustang a short distance away, and had then driven past the drive-in while Carter was inside and on for several blocks. Upon Judson's return to the robbery site he observed police cars and immediately drove upon the Houston freeway and gave chase at a high rate of speed to the fleeing Dodge. Upon drawing near he yelled to the occupants of the Dodge that the police had been alerted and to "hurry up" and "get the hell out of town." At this juncture Judson's efforts were rewarded by his being arrested for speeding while the occupants of the Dodge continued on their way.

At approximately 6:40 a. m. the appellant, Carter and Godwin were arrested by the City of Houston police in the said Dodge and three pistols were recovered from the automobile. Colleen Donnohoe had been left at a friend's apartment. During a search of appellant's person at the police station the appellant removed from her brassiere $50 and fifty cents and a paper napkin and handed the same to a policewoman. On the napkin was written "1. Ace's Drive Inn, 2. Bus Station, 3.

Any service station" and "Then get the hell out of Beaumont."

John Judson who had been convicted of breaking and entering a coin operated machine when he lived at appellant's home in Orange, testified that on the evening of January 4, 1967, he had met the appellant and Carter who had driven over from Houston; that while they were in a Pig Stand in Beaumont the pair had solicited his aid in committing some robberies in order to raise bail money for the appellant's 19 year old son who was jailed in Harris County. While declining to assist them he wrote down some prospects for them. He identified the napkin found on the appellant as the napkin on which he had listed the prospects. Judson's testimony was substantially corroborated by Eddie Carter, the 20 year old confessed robber.

Carter, who had lived at appellant's house in both Orange and Houston, testified appellant assisted him in planning and executing the robbery of the Ace Drive In as well as Jerry's Package Store in Beaumont a day or two earlier.

Other evidence reveals that on the following night, January 5, the appellant, Carter and Colleen Donnohoe came to Beaumont from Houston in a Dodge Dart borrowed by the appellant. After being joined by Judson, Dyson and Joe Debbs they drove in two cars to Lou Ann's, a night club six miles from Orange across the Texas-Louisiana border. There they drank and danced. There also they met Godwin who returned with them to Beaumont shortly before the alleged robbery.

Testifying in her behalf the 38 year old appellant[1] admitted being with Carter in Beaumont on the occasions in question but denied knowledge that he had specific plans to rob the Ace Drive In. She acknowledged that she heard him discuss robbing

---

1. It is observed that appellant testified that she had married since the alleged offense and that she was now Billie June Miller Bedell. It does not appear whether appellant suggested her correct name at the time of arraignment, see Articles 26.07 and 26.08 Vernon's Ann.C.C.P., and the record comes to us bearing the name of Billie June Miller.

Lou Ann's or some place that night. She related that her purpose in going to Lou Ann's was to find certain individuals who supposedly had involved her son in a hot check ring. She related that when Carter left the Ace Drive In he handed her some money and she had started to count it, and at this time Carter informed her that a robbery had been committed. She further stated that at this time she learned for the first time from Carter that he had just recently committed three other robberies while she was waiting in a car or while she was nearby.

Appellant in her first ground of error contends the court erred in failing to charge, despite her timely objection, that John Judson was an accomplice witness as a matter of law.

The court charged that Godwin and Carter were accomplice witnesses as a matter of law but submitted the question of Judson's status to the jury as a fact issue.

In addition to furnishing the appellant and Carter with a list of robbery prospects, he aided them in "casing" the Ace Drive In on the night of January 4, 1967. Knowing of Carter's intent to rob and having told Carter he would "cover" for him, Judson drove to the proposed robbery site at the time in question and then following the commission of the alleged offense warned Carter and the appellant as described above that the police had been alerted.

■ Where there exists no doubt or the evidence clearly shows that a witness is an accomplice witness as a matter of law the court is under a duty to so instruct the jury. His failure to do so may constitute reversible error. 24 Tex.Jur.2d, Evidence, Sec. 691, pp. 314, 317.

■ We agree with appellant's position that Judson was an accomplice witness as a matter of law and the court erred in failing to so charge. The question remains whether such failure is reversible error.

This precise question was recently discussed in Gonzales v. State, Tex.Cr.App., 426 S.W.2d 859. After reviewing a number of cases, this Court said:

"It appears from these cases that where the court submits to the jury the fact question of whether a certain State witness is an accomplice witness when the evidence was such as to justify a charge that such witness was an accomplice as a matter of law, and proper objection is reserved, the error does not require reversal unless the testimony of the witness is essential to the State's case (a) because, if the witness is in fact an accomplice, there is no evidence to corroborate his testimony, or (b) because, without the testimony of the witness (whether he be an accomplice or not) there is insufficient evidence to support a conviction or (c) because it is the sole corroboration of the testimony of another accomplice witness."

Under the facts of this case Judson's testimony was corroborated by that of non-accomplice witnesses and in part by the appellant's own testimony and written statements admitted into evidence. Further, there was sufficient evidence to support a conviction without Judson's testimony and he was not the sole corroborator of the testimony of another accomplice witness. His testimony not being essential to the State's case, ground of error #1 is overruled. Gonzales v. State, supra, and cases there cited. See also 2 Branch's Ann. P.C., 2nd ed., Sec. 741, p. 38.

■ In grounds of error #2 and #3 appellant contends that the court erred in failing to charge the jury that Billy Dyson was an accomplice witness as a matter of law or in refusing to submit the matter to the jury as a fact issue. We cannot agree.

Dyson, a 16 year old, went with the group to the Louisiana night club, Lou Ann's, where he drank and danced with the appellant, but there was no showing he knew of the conversations of the night before or

of any intention to rob the Ace Drive In. He slept on the return trip to Beaumont and when he changed cars at the Pitt Grill in Beaumont he inquired of Judson if they were going home. It was then that Judson informed him they were going to see if Carter was going to carry out his boast. While he was with Judson at the time Judson warned the others out on the freeway, there is no showing he actively participated in giving such warning.

In Burks v. State, 97 Tex.Cr.R. 113, 260 S.W. 181, this Court held that mere presence of one without criminal connection with an offense does not make him an accomplice, nor does mere knowledge make a person having or concealing it an accomplice. See also Gregory v. State, 168 Tex.Cr.R. 452, 329 S.W.2d 94.

In 24 Tex.Jur.2d, Evidence, Sec. 690, pp. 311, 313, it is written:

"Frequently, the test to determine whether a witness is an accomplice or not is whether a prosecution will lie against him under the indictment by which the accused was charged. The mere fact that the witness was present when the crime was committed does not compel the conclusion that he was an accomplice of the accused. Nor is the witness to be deemed an accomplice simply because he knew of the crime, but failed to disclose it or even concealed it. Furthermore, even though the witness was an actor in the criminal transaction, he is not regarded as an accomplice if he did not act knowingly or willingly, or if he was too young to be criminally responsible."

While it may have been proper to have submitted the issue as a fact question to the jury, we cannot agree that the court, under the facts presented, erred in failing to do so. If it was not error to submit the issue to the jury as a fact question it certainly was not error to fail to charge that the witness Dyson was an accomplice as a matter of law.

Grounds of error #2 and #3 are overruled.

In grounds of error #4 and #5 appellant contends the trial court erred in failing to charge on her "affirmative defenses" of being an accessory to the alleged crime and being a receiver and concealer of stolen property.

The court's charge authorized appellant's conviction as a principal to the alleged robbery or as an accomplice to said offense. The counts in the indictment alleging that the appellant was an accessory to said offense and alleging that she had received and concealed stolen property were abandoned by the State.

Assuming that being an accessory to the alleged crime or being a receiver of stolen property are affirmative defenses if the evidence shows that the accused was guilty of such offenses instead of being a principal to the offense of robbery or an accomplice to such offense, we have carefully considered the record as a whole and the testimony to which appellant directs our attention and are unable to conclude that the evidence is such as to raise the affirmative defenses claimed.

Grounds of error #4 and #5 are overruled.

Prior to trial the State waived the death penalty. See Article 1.14, V.A.C.C.P. The offense, however, remained robbery by assault with a firearm. In accordance with Article 37.07, Sec. 2(a), V.A.C.C.P., in effect at the time of this trial, the court included in its charge at the guilt or innocence stage of the proceedings instructions on the punishment provided by law for the offense of robbery by assault with a firearm. See now Article 37.07, V.A.C.C.P. as amended 1967.

The charge, without authorizing the jury to assess punishment, abstractly informed them that the penalty for robbery by assault with a firearm or other deadly weapon was "death or by confinement in the

penitentiary for any term not less than five years."

■ It is appellant's contention that such charge in the face of his timely objection to the inclusion of "death" as a possible penalty was reversible error and highly prejudicial to her at the guilt stage of the bifurcated trial. While it would have been proper for the trial judge to have responded to appellant's objection in view of the State's waiver, we perceive no error "calculated to injure the rights of the" appellant or which prevented her from having "a fair and impartial trial." Article 36.19, V.A.C.C.P. See Houston v. State, Tex.Cr.App., 428 S.W.2d 353.

Ground of error #6 is overruled.

■ In appellant's ground of error #7 she complains that the State was permitted to ask Colleen Donnohoe, a defense witness, an irrelevant, immaterial and prejudicial question relating to where her husband lived.

The record reflects the following on cross-examination of said 20 year old witness who was in the car with the appellant at the time of the robbery:

"Q. Colleen, are you married?

"A. Yes sir.

"Q. What is your husband's name?

"A. Charles.

"Q. Do you live with him at the present time?

"A. No sir.

"Q. Where does he live?

"MR. CUTLER: We object to that, Your Honor, as being immaterial to this particular case.

"THE COURT: Overruled.

"MR. CUTLER: Note our exception.

"Q. Where does he live, Colleen?

"A. He lives on the prison farm.

"Q. Is he in prison at the present time?

"A. Yes sir.

"Q. What for?

"MR. CUTLER: We are going to further object to that, Your Honor * * *

"THE COURT: Wait a minute, Sustained."

The State's brief contends the answer was partly unresponsive and the fact of the husband's imprisonment was unknown to the prosecutor.

It is observed that after appellant's general objection was overruled and the complained of answer given, no further relief in the form of a jury instruction or mistrial was requested. We perceive no error. Ground of error #7 is overruled.

We find absolutely no merit in appellant's claim that she was improperly impeached as to an immaterial matter concerning her son's whereabouts at the time of the trial. The record does not support appellant's contention. Ground of error #8 is overruled.

■ In ground of error #9 appellant contends the trial court erred in failing to grant a mistrial as a result of a prejudicial statement made by co-indictee Eddie Carter.

On direct examination it was established that Carter was then confined in the Texas Department of Corrections at Huntsville and had been there for "about a month." Then, without revealing the offense involved, the following occurred:

"Q. How much time did you get, Eddie?

"A. Twenty-five years."

Following a general objection the court immediately instructed the jury "to forget that question and that answer." The motion for mistrial was overruled. Later on cross-examination it was established that Carter was presently confined as a result of a conviction in Harris County. Even

the subsequent defense testimony showed that Carter had committed other robberies in Harris County. We, therefore, perceive no error. Ground of error #9 is overruled.

■ We find no merit in appellant's claim that the money taken from her person after her arrest was not identified as the money from the robbery. Appellant herself admitted that at least part of the money found in her brassiere was given to her by Carter following the robbery. Ground of error #10 is overruled.

■ Next appellant contends the "trial court erred in admitting into evidence an oral statement by the defendant while she was under arrest and prior to her being taken before a magistrate, and further, such oral statement was improper impeachment." Finding no *oral* statement in the record, nothing is presented for review. Gound of error #11 is overruled.

In ground of error #12 appellant urges that the trial court erred in admitting the self-serving statement, a radiogram, offered by the State.

In a hearing in the absence of the jury at which the said radiogram was delivered to appellant's counsel the court determined the validity of appellant's warrantless arrest based on probable cause. Thereafter, in the presence of the jury Officer Albright of the Houston Police Department testified, without objection, as to the substance of the radiogram[2] which had been received by the Houston Police Department from the Beaumont police at 4:55 a. m.

on January 6, 1967, read by Albright at 5:30 a. m. prior to appellant's arrest at 6:40 a. m. After his testimony as to the license number of the Dodge automobile appellant objected on the ground that *such* testimony was "self-serving" since "no one" had "contradicted" the testimony. Such objection was overruled. The radiogram then apparently was introduced without objection though appellant did generally object to its being read to the jury. Appellant's subsequent objection during the reading of the radiogram on the ground that it was hearsay as to the identification of the automobile and its contents was clearly untimely.

■ It has been the consistent holding of this Court that hearsay information as to probable cause authorizing an arrest is to be heard by the Court but not by the jury. Ramos v. State, Tex.Cr.App., 395 S.W.2d 628 and cases there cited. Rosales v. State, Tex.Cr.App., 399 S.W.2d 541.

■ There was no issue of probable cause for the jury and the radiogram should not have been admitted into evidence. In view, however, of the untimeliness of the objection and other properly admitted testimony showing substantially the same facts we cannot conclude that the admission of such evidence was so prejudicial as to call for reversal. Clark v. State, Tex.Cr.App., 413 S.W.2d 107. Ground of error #12 is overruled.

In ground of error #13 appellant contends her arrest without a warrant was illegal as was the subsequent search in-

2. "STNS BEAUMONT TO HOUSTON ATTN PD HOUSTON
"PICKUP FOR ARMED ROBBERY OF ACE DRIVE-IN 2000 MAGNOLIA ST THIS CITY OCCURRED APPROX 3 AM THIS DATE NR 1 EDD REVIA WM BLA HAIR 6-2 190 ALIAS EDWARD LEE CARTER NO OTHER DESC NR 2 UNKN WM CALLED GENE NO OTHER DESC NR 3 BILLY MILLER WF NO OTHER DESC SUBJS USED .38 CAL. LONG-BARRELLED CHROMED REVOLVER OBTAINED 30 FIVE DOLLAR BILLS AND 30 ONE DOLLAR BILLS DRIVING BLACK OVER RED LATE MODEL DODGE DART POSS 65 OR 66 MODEL BEARING NCD-827 LAST SEEN APPROX 330 AM ON INTERSTATE 10 HEADED TOWARD HOUSTON BELIEVED SUBJS WILL GO TO ROYAL HOTEL CA6-8820 HOUSTON TO SEE A MRS JOHN F BUTLER IN ROOM 20 REQ A HOUSTON UNIT CHECK THAT AREA FOR VEH IF APPREHENDED HOLD ALL SUBJS AND ADVISE
"PD BEAUMONT TEXAS"

cident thereto. It appears to be her contention that it was error to admit into evidence the fruits of that search. In view of appellant's own testimony as to the three guns found or her admission that she had the robbery money, we perceive no error.

Further, the robbery victim, Barnes, knew Eddie Carter but could not at the time remember his last name. Shortly after the alleged robbery he was able to identify Carter from pictures shown him. A description of the Dodge in which Carter fled was obtained, Judson was arrested and after an investigation the radiogram was sent to Houston in the early morning hours. Based upon the radiogram sent by the Beaumont police the Houston police officers had probable cause to arrest the appellant and her companions. See Article 14.04, V.A.C.C.P. Further, it is observed that the test as to probable cause is the information known to the officer who requests another officer to effect an arrest. See McDuff v. State, Tex.Cr.App., 431 S.W.2d 547; Weeks v. State, Tex.Cr. App., 417 S.W.2d 716; cert. den. 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494; Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270; Beeland v. State, 149 Tex.Cr.R. 272, 193 S.W.2d 687; Marsh v. United States, 5 Cir., 344 F.2d 317; cf. Smith v. United States, 123 U.S.App.D.C. 202, 358 F.2d 833. Ground of error #13 is overruled.

In ground of error #14 appellant claims Gene Godwin was an incompetent witness and the trial court erred and abused its discretion in admitting such testimony. Godwin, who was in the Dodge automobile with the appellant while the alleged robbery was committed, was shown to have been drinking heavily prior to such occasion and was described as being intoxicated. After the witness had been tested on voir dire by the appellant the court ruled that he was a competent witness.

Ordinarily, whether a witness is competent to testify is within the trial court's discretion and will not call for reversal unless an abuse of discretion is shown. The presumption is in favor of a witness' competency and a party challenging his testimony must demonstrate his incompetency. See 61 Tex.Jur.2d, Witnesses, Sec. 47, p. 585, Sec. 72, p. 617; Pones v. State, 43 Tex.Cr.R. 201, 63 S.W. 1021. Godwin admitted his intoxication and stated he was testifying as to only what he recalled of his own personal knowledge. Much of what he testified to was confirmed by the appellant's own testimony. Ground of error #14 is overruled.

In grounds of error #15, #16 and #17 appellant complains of the trial court's action in refusing to permit the appellant to answer certain questions before the jury at the penalty stage of the proceedings, despite her timely application for probation.

Appellant was not permitted to answer if she understood what was meant by probation. In addition to calling for a legal conclusion, there is no showing as to what her answer to such question would have been had she been allowed to answer. See Article 40.09(6) (d) (1) V.A.C.C.P. Nothing is presented for review. Ground of error #16 is overruled.

Further, appellant was not permitted to answer inquiries as to whether she belonged to any church or religious organization or whether she "could live up to the terms of adult probation." Perfecting her bill of exception she showed that she would have testified she was a member of the Woodland Baptist Church in Houston and active in attendance "most of the time" and that she could live up to the terms of adult probation and follow the instructions of the probation officer.

In Allaben v. State, Tex.Cr.App., 418 S.W.2d 517, this Court said:

"Evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b), Vernon's Ann.C.C.P., is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate

**349**

punishment or evidence that is relevant to the application for probation, if any, is also admissible." See now Article 37.07, V.A.C.C.P., as amended 1967.

The question covering appellant's ability to comply with probationary terms is conjectural at best. Further, no effort was made to preface the question with what conditions or terms might possibly be imposed. The court did not err in its action.

The appellant should have, however, been permitted to testify as to her membership in a church, though we conclude in light of the entire record and other evidence of appellant's background, education, employment, etc., that such action does not call for reversal. Allaben v. State, supra; Culvahouse v. State, Tex.Cr.App., 440 S.W. 2d 637; Coleman v. State, Tex.Cr.App., 442 S.W.2d 338. Grounds of error #15 and #17 are overruled.

Finding no reversible error, the judgment is affirmed.