Thomas SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 42690.

Court of Criminal Appeals of Texas.

March 25, 1970.

Vincent J. Musachia, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert R. Scott, Asst. Dist. Attys., Houston and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

Appellant has denominated and divided his grounds of error into "Informal bills of exceptions" and "Points of fundamental error." Assuming they comply with the provisions of Article 40.09, Sec. 9, Vernon's Ann.C.C.P., we shall renumber them as grounds of error.

The sufficiency of the evidence is not challenged and we do not deem a recital of the facts here necessary.

■ First, appellant complains of the illegality of his arrest the day following the alleged burglary and admissibility of the fruits of the search incident thereto. Putting aside the question of the right of Houston police officer Love to arrest the appellant for a traffic violation, the evidence reflects that on October 31, 1967, Officer Love, who was acquainted with the appellant, had been informed that a warrant of arrest for burglary had been issued for the appellant and he was requested to arrest the appellant.

While the officer did not have the warrant in his possession at the time, Article 15.26, V.A.C.C.P., provides:

"In executing a warrant of arrest, it shall always be made known to the accused under what authority the arrest is made. The warrant shall be executed by the arrest of the defendant. The officer need not have the warrant in his possession at the time of the arrest, provided the warrant was issued under the provisions of this Code, but upon request he shall show the warrant to the defendant as soon as possible. If the officer does not have the warrant in his possession at the time of arrest he shall then inform the defendant of the offense charged and of the fact that a warrant has been issued. Amended by Acts 1967, 60th Leg., p. 1736, ch. 659, § 13, eff. Aug. 28, 1967."

There is nothing in the record to show a failure to comply with the provisions of this statute, or that the appellant ever made a request to be shown the warrant.

■ When the officer handcuffed the appellant at the time of the arrest he noticed a watch on his wrist. Such watch was later found by the officer in his patrol unit in which he carried the appellant to jail. The watch was identified by the owner of the burglarized house as being his.

Ground of error #1 is overruled.

■ Next, appellant complains that the prior convictions alleged for enhancement were not properly proved up before the court which assessed punishment following a verdict of guilty. The record simply does not support his contention. The objection extracted from the record and set forth in his brief is vague, uncertain and not understandable.

Ground of error #2 is overruled.

■ In his third ground of error appellant refers us to his motion for new trial and the hearing thereon and claims that because at such hearing the State refused to give him access to its entire file it must be assumed that the file contained information beneficial to him and a new trial is justified. The contention is without merit.

Ground of error #3 is overruled.

■ Appellant urges that the inclusion of the statutory definition of burglary in the court's charge was fundamental error even in absence of an objection or special requested charge. See Article 1389, V.A.P.C. This contention is apparently based on the fact that the jury was informed that burglary is constituted when the breaking and entering is with the intent to commit a felony or the crime of theft when the indictment charged only that the burglary was committed with intent to commit theft. We find no merit in such contention.

Ground of error #4 is overruled.

■ It appears appellant was convicted upon the second indictment presented against him in connection with the offense of burglary, the first indictment being subsequently dismissed. We cannot agree appellant was harmed by such procedure.

Ground of error #5 is overruled.

■ The record does not support appellant's contention that he had inadequate

trial counsel and belies the claims he makes in this connection.

Ground of error #6 is overruled.

 In his last four grounds of error he complains of the State's jury argument at the guilt stage of the proceedings. No objection was addressed to any of the now complained of argument and as we view it, the argument was proper.

Grounds of error #7, #8, #9 and #10 are overruled.

The judgment is affirmed.