**Floyd JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43030.**

Court of Criminal Appeals of Texas.

July 15, 1970.

by counsel that he might examine such report. At the hearing on the motion for new trial, the police reports were offered and are a part of this record. We have examined them with care and find nothing contained therein which was contradictory to the testimony given at the trial or would have been beneficial to appellant.

Finding no reversible error, the judgment is affirmed.

Buddy Stevens, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Shelly Hancock, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery; the punishment, eight (8) years.

Appellant's first ground of error is that he was unduly limited in his direct examination on voir dire examination of Officer White. It is incumbent upon an appellant to show what answers he might have received had he been permitted to question the witness further, Thomas v. State, Tex.Cr.App., 438 S.W.2d 112; this he did not do.

Appellant next contends that the state suppressed certain evidence. At the trial, appellant's counsel asked Officer White to examine his police report before testifying further. There was no request