**Glenn Douglas COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44121.**

Court of Criminal Appeals of Texas.

Sept. 23, 1971.

Robert C. Jackson, Jr., Corsicana, for appellant.

Jimmy Morris, Dist. Atty., Corsicana, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Judge.

The conviction is for armed robbery. The jury assessed punishment at 50 years.

On February 21, 1970, at about 7:30 p. m. appellant entered Felton Lewis' service station in Corsicana, and held a shotgun on Lewis. Appellant told Lewis to open the cash register and back up. Lewis, in fear for his life or bodily injury, complied and appellant took out the money and stuffed it in his coat pocket. Appellant then backed out of the station door and ran. Lewis called the police, who arrived in about 5 minutes. He gave them a description of appellant.

A warrant was issued on February 23, 1970, for the arrest of the appellant. Officer Massey of the Corsicana Police Department had information that the appellant was in Porter, Texas, just outside Conroe. He telephoned the Sheriff's Department in Conroe, to tell them that a warrant had been issued for the appellant. He gave them the warrant number, a description and the license plate number of the car the appellant was believed to be driving. The appellant was arrested that same night while driving the described automobile. The arresting officers found a sawed off shotgun under the car seat which Lewis identified as the weapon used during the robbery.

The sufficiency of the evidence is not challenged. Appellant's contention is that the trial court erred in admitting the shotgun into evidence.

■ Appellant first complains that the shotgun was inadmissible as the fruit of an illegal arrest made without a warrant or probable cause on the part of the arresting officers. His complaint is that the Conroe peace officers had only a warrant number and were themselves without a warrant or

probable cause. Probable cause for the warrant issued in Navarro County is not challenged.

It is not necessary for the officer to have the arrest warrant in his possession at the time of the arrest. Art. 15.26, Vernon's Ann. C.C.P. See Howard v. State, Tex.Cr.App., 453 S.W.2d 150; Sanchez v. State, Tex.Cr.App., 452 S.W.2d 474; Martinez v. State, Tex.Cr.App., 407 S.W.2d 504 and Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270. The search and recovery of the shotgun was contemporaneous with the arrest of appellant and incidental thereto. Appellant's arrest was made under authority of the arrest warrant.

■ The appellant further complains that the shotgun was admitted over objection without a showing of how the shotgun was obtained. Constable Lloyd Williamson testified that he and two deputy sheriffs from Montgomery County made the arrest pursuant to the telephone call from the Corsicana police and found the shotgun under the seat of the car which the appellant was driving. No error is shown in admitting the shotgun into evidence.

The judgment is affirmed.

Opinion approved by the Court.