**Earl MABRY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46107.**

Court of Criminal Appeals of Texas.

April 18, 1973.

J. W. Brown, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, 999 years.

Appellant was convicted of murdering a filling station operator while in the course of a robbery.

Appellant testified that he and his companion while en route from Florida to California found themselves in Amarillo in destitute circumstances. Appellant told how they had gone to what was determined to be the Wild Horse filling station intending to ask for alms in the form of money and gasoline, but decided against this station because there were too many people about. After parking their car around the corner they then went to the Gulf station about one block away where appellant re-

ports he approached the attendant and said, "Look here, sir . . . I'm out of gas . . . I need some money to get something to eat . . . I want to know if you would give me some gas or give me some money or tell me where I could get some or something." Appellant said the attendant replied, "You all are the same niggers that come in here and try to rob me before" and reached for his pocket where he saw the imprint of a pistol at which time he grappled with the attendant and was himself shot. Appellant recounts that he then called to his companion, "Sylvester, give me that pistol, man, I'm shot" and when Sylvester handed him the pistol which he had brought from Florida "I taken the pistol and started pulling the trigger" and then fled.

Officers in Amarillo ascertained from witnesses at the scene of the filling station robbery-murder that they were looking for a green 1965 Chevrolet with Florida license plates, occupied by two black males, one of whom was injured. The news broadcast of such information was heard by one Mitchell who was traveling from Detroit to California by automobile. Soon thereafter, Mitchell picked up appellant who was hitchhiking on Route 66 near the New Mexico line. Appellant told Mitchell he had run out of gasoline. Mitchell had seen a green Chevrolet nearby matching the description of the one described on the radio earlier. Mitchell took appellant to the next filling station, noting that appellant had blood on, and a bulge in, his shirt. Upon delivering appellant, Mitchell went in search of the police and found Officer Olsen of the New Mexico State Police and informed him of appellant's whereabouts. Olsen also had heard the police broadcast about the robbery-murder in Amarillo and the description of the two passengers in the 1965 green Chevrolet. He and his fellow officer Simpson saw such an automobile driven by the man described by witness Mitchell in the City of Glenrio on the State line, followed the same into New Mexico where they arrested appellant, who

was by then traveling alone, and recovered the pistol from the front seat of the automobile and certain bullets from appellant's person.

■ Appellant's first ground of error relates to the admissibility of the pistol and the bullets. Appellant contends the police radio broadcast about two black suspects in a green 1965 Chevrolet with Florida plates was too general to give arresting officers probable cause to stop him. We disagree and conclude that probable cause was shown for the arrest and search of the person of appellant. See Weeks v. State, Tex.Cr.App., 417 S.W.2d 716, certiorari denied, 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494; Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270.

We also conclude that the facts in this case are sufficient to differentiate it from Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306, cited by appellant, in which the arrest of the defendant depended entirely upon a police broadcast of information based upon a faulty warrant.

■ We further note that appellant took the stand and testified fully concerning the circumstances surrounding the homicide, his arrest and the finding of the pistol and the bullets, thereby foreclosing the question of the legality of his arrest and the seizure of the gun and bullets. Robbins v. State, Tex.Cr.App., 481 S.W.2d 419; Baity v. State, Tex.Cr.App., 455 S.W.2d 305; Cook v. State, Tex.Cr.App., 409 S.W.2d 857.

Appellant's first ground of error is overruled.

■ Appellant's second ground of error is that the court erred in permitting the witness Isbell to make an in court identification of appellant's companion. Isbell arrived at the filling station while the robbery-murder was in progress and saw two black men coming from the station. Isbell stated that the larger of the two men had a pistol, but did not identify appellant as being that man. He did, however, identify

appellant's companion, without objection, as being the smaller of the two men who had no visible weapon at the time he left the station. This Court has held in Lucas v. State, Tex.Cr.App., 444 S.W.2d 638, and Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, that timely objection to identification must be made. Cf. McElwee v. State, Tex.Cr.App., 493 S.W.2d 876 (1973).

Appellant's second ground of error is overruled.

■ Appellant's third ground of error is that the court erred in submitting the issue of appellant's guilt of murder based upon the commission of a robbery. He contends that the evidence does not support the submission of such an issue.

Fortunately for this Court, we have the opinion by Judge Hawkins in Cook v. State, 152 Tex.Cr.R. 51, 211 S.W.2d 224, for guidance. We conclude, as did Judge Hawkins in Cook v. State, supra, that State's evidence as well as the appellant's testimony would support the conclusion that appellant and his companion intended to "high-jack" the filling station attendant.

Appellant's third ground of error is overruled.

His fourth ground of error relates to the State's evidence adduced at the punishment stage of the trial. Over objection, it was established that appellant while a resident of Florida had plead guilty to two offenses of carrying a concealed weapon and discharging a firearm for which he was sentenced to thirty (30) days in each case. It was also shown that appellant was not represented by counsel at the time of such pleas. Though appellant testified that he had never been represented by counsel prior to the instant trial he declined to testify that he was indigent at the time of the 1965 pleas of guilty in Florida.

■ We have concluded that in the absence of a showing of indigency the trial court was not in error in permitting the proof of the two prior misdemeanor convictions in Florida. Ochoa v. State, Tex. Cr.App., 481 S.W.2d 847. We also conclude that these two 1965 misdemeanor convictions were not of sufficient gravity to have influenced the jury who had heard the testimony as to this filling station robbery-murder. Cf. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284.

Appellant's fourth ground of error is overruled.

■ Appellant's fifth ground of error, if we properly understand it, is that he was prohibited from fully cross-examining certain witnesses because of a stipulation which he had entered into with the State. Appellant has failed to show by bill of exception or by offer of proof that he was deprived of any testimony which would have been beneficial to him. Duncan v. State, Tex.Cr.App., 459 S.W.2d 822; Johnson v. State, Tex.Cr.App., 456 S.W.2d 396.

We find no merit in this ground.

■ Appellant's last ground of error is one the writer has difficulty in answering. Appellant contends that the verdict is cruel and unusual in a constitutional sense. This Court has long ago committed itself to the proposition that if the penalty is within the prescribed limits set by the Legislature, as this is, that we will not disturb the jury's verdict. We abide by such ruling. Yeager v. State, Tex.Cr.App., 482 S.W.2d 637. Cf. Sills v. State, Tex.Cr.App., 472 S.W.2d 119.

Finding no reversible error, the judgment is affirmed.