**Donald Anthony LAYTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–261–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1981.

Carolyn Garcia, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

## OPINION

JAMES, Justice.

This is an appeal from a conviction of possession of phenylacetone and methylamine with intent to manufacture methamphetamine. The defendant's punishment was assessed at fifteen years and a Five Hundred Dollars ($500.00) fine.

The only question to be resolved is whether or not a motion to suppress evidence was properly decided. The probable cause to support the arrest and search incident thereto is the central issue. We affirm.

The facts show that the appellant and two others had driven to a location near a chemical company. They had not parked at the chemical company but selected a place approximately one and a half blocks away. Several officers had the chemical company under surveillance. The defendant, not being the driver, went into the chemical company. Immediately after the defendant left the chemical company the officer checked the sales slip and discovered the items sold to the defendant were methylamine, phenylacetone, mercury chloride, methanol and aluminum wire. These are all of the necessary precursors to manufacture methamphetamine. One of the officers had knowledge of the necessary ingredients for the manufacture of methamphetamine. The defendant returned to the vehicle and had departed. The vehicle was registered in San Marcos. By radio message at this point, the officer at the chemical company requested a uniformed officer to arrest the defendant.

Taking all the facts and circumstances we must hold that there was probable cause to arrest the defendant and for the search incident thereto.

The arresting officer got the request for the arrest from a fellow officer. This procedure has been approved in *Weeks v. State*, 417 S.W.2d 716 (Tex.Cr.App.1967). The United States Supreme Court said:

"Observation of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number."

See *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). Whether an arrest is made with or without a warrant is immaterial in testing the reliability of the source of information.

The only result of combining the precursors purchased by the defendant would be the manufacturing of methamphetamine. We therefore hold that the trial court properly decided the motion to suppress.

After reviewing the indictment, charge of the court and the verdict of the jury, it is obvious that a clerical error was made in the judgment. The judgment states that the jury found the appellant "guilty of the felony offense of unlawfully, intentionally and knowingly possessing phenylacetone and methylamine (sic) as charged in the indictment." The judgment is ordered re-

formed to reflect the appellant is guilty of the felony offense of unlawfully, intentionally and knowingly possessing phenylacetone and methylamine with intent to manufacture methamphetamine as charged in the indictment.

Finding no reversible error, the judgment is affirmed.