ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 22, 2011

The Honorable Charlie Geren
Chair, Committee on House Administration
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0893

Re: Whether a city that has adopted civil service rules for its police officers under chapter 143 of the Local Government Code may authorize a reserve police force (RQ-0972-GA)

Dear Representative Geren:

You inform us that Fort Worth has adopted Local Government Code chapter 143.[1] This law requires, with a few exceptions, that people who apply to be police officers take a civil service examination. TEX. LOC. GOV'T CODE ANN. § 143.021(c) (West 2008). You also explain that Fort Worth has a reserve police force, and that its members do not take a civil service examination. Request Letter at 1. You ask two questions about reserve officers, the first being whether a city that has adopted chapter 143 may create and maintain a reserve police force comprised of reserve police officers who do not take a civil service examination. *Id.*

We begin our answer by noting that the chapter 143 examination requirement applies to "police officers." TEX. LOC. GOV'T CODE ANN. § 143.021(a), (c) (West 2008). In chapter 143, the term "'[p]olice officer' means a member of a police department or other peace officer who was appointed in substantial compliance with this chapter or who is entitled to civil service status under Section 143.005, 143.084, or 143.103." *Id.* § 143.003(5). Presumably, your question is premised on the possibility that a "police officer" under chapter 143 might be any "member of a police department" rather than only a member "who is appointed in substantial compliance with this chapter or who is entitled to civil service status." *Id. See also* Request Letter at 2 (stating that reserves might be "prohibited in civil service cities because they . . . serve in the police department"). However, for purposes of chapter 143, the term "police officer" refers to police department members or other peace officers who are appointed under chapter 143 or entitled to civil service status rather than all members of police departments or all peace officers. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) (holding that courts construe statutes according to the plain meaning of their words). *See also Lee v. City of Houston*, 807 S.W.2d 290, 291 (Tex.

---

[1]Letter from Honorable Charlie Geren, Chair, Committee on House Administration, to Honorable Greg Abbott, Attorney General of Texas at 1 (May 18, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

1991) (interpreting section 143.003(5) to mean "simply that a 'police officer' is one who was appointed in substantial compliance with chapter 143 of the code"). Accordingly, we will examine whether reserves are appointed under chapter 143 or entitled to civil service status.

A member of a reserve police force is appointed under chapter 341, not chapter 143. *Compare* TEX. LOC. GOV'T CODE ANN. § 341.012(d) (West 2005) (providing that the "chief of police shall appoint the members of the reserve force[]"), *with id.* § 143.026(a)–(b) (West 2008) (providing that police force vacancies be filled as follows: the head of a police department requests a list of candidates from a civil service commission; the director of the commission identifies the top three candidates; and the municipality's chief executive appoints one of the three). Reserve police officers are not entitled to civil service status under chapter 143. *Compare id.* §§ 143.041–.047, .073–.075, .081–.084, .110, .112–.116 (West 2008) (providing that police officers with civil service status can be entitled to full compensation and pension benefits), *with id.* § 341.012 (West 2005) (prohibiting a reserve police officer from receiving a financial benefit of full-time employment or from participating in a pension fund created by statute for the benefit of full-time paid peace officers). Thus, reserve police officers under chapter 341 are not "police officers" for purposes of chapter 143. Note, however, that although a reserve police officer is not a "police officer" for purposes of chapter 143, chapter 341 requires a reserve officer who assumes the duties of a regular officer to comply with the requirements for a regular officer. *Id.* § 341.012(h) (West 2005).

You suggest that one Texas Supreme Court case, *Lee v. City of Houston*, might prohibit cities that have adopted civil service requirements for police officers from maintaining a reserve police force. Request Letter at 2. The *Lee* court held that, if "a particular position requires substantial knowledge of 'police work and work in the police department,' then it must be classified" pursuant to civil service requirements. *Lee*, 807 S.W.2d at 294 (citing section 143.025(b) of the Local Government Code). Based on *Lee*, you suggest that reserve officers might be "prohibited in civil service cities because they are not classified under civil service law and they serve in the police department." Request Letter at 2. However, as you note, the *Lee* court did not hold that a reserve police officer must have substantial knowledge of work in the police department and comply with the chapter 143 civil service requirements. *See Lee*, 807 S.W.2d at 295. The *Lee* decision examined questions about Houston Police Department supervisors, not reserve police officers, and held that the supervisors must comply with chapter 143. *Id.* Further, we have not found, nor has any briefing submitted to this office purported to find, any Texas case that has stated or implied that reserves must comply with civil service requirements. On the contrary, Texas courts have opined on matters involving the reserve police forces of cities, like Fort Worth, that have also adopted chapter 143, and none of those cases have suggested that adoption of chapter 143 is incompatible with creating or maintaining a reserve force under chapter 341. *See, e.g., Houston v. State*, 428 S.W.2d 353 (Tex. Crim. App. 1968).

Indeed, the statute authorizing reserve police forces presumes the coexistence of reserve and "regular police." TEX. LOC. GOV'T CODE ANN. § 341.012(h) (West 2005). Chapter 341 acknowledges that reserves are "additional" and "supplementary" to "regular police officers." *Id.* § 341.012(e), (h). The statute recognizes that, although police officers are always peace officers,

reserve officers sometimes are not. *Id.* § 341.012(f)–(h). Chapter 341 also provides, as we noted above, that reserves "may not assume the full-time duties of regular police officers without complying with the requirements for regular police officers." *Id.* § 341.012(h). This prohibition suggests that reserve police officers' duties are usually different from those of regular officers. It also suggests that, if reserve officers' duties become the same as those as regular officers, then the reserve officers would have the duties that the *Lee* court described, and would therefore have to satisfy the requirements that regular "police officers" must satisfy under chapter 143. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008) (noting that legislative intent is expressed by statutory language). In this way, section 341.012 indicates that the Legislature distinguishes between a reserve and regular police force such that a city may have both types of forces without contravening chapter 143, section 341.012, or *Lee*. *See also Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 551 (Tex. 1981) (holding that courts are never to presume that the Legislature has done a useless act).[2]

---

[2]Because we answered your first question in the affirmative, we will not answer your second question. *See* Request Letter at 1, 3 (requesting that we answer your second question only if we answer your first in the negative).

## S U M M A R Y

A city that has adopted chapter 143 of the Texas Local Government Code may create and maintain a reserve police force.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee